# EXHIBIT 1

| | |
|---|---|
| DENVER COUNTY COURT, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 8202 | DATE FILED: July 28, 2022 1:11 PM<br>FILING ID: 79F5073E55416<br>CASE NUMBER: 2022CV32124 |
| Plaintiff: BERNARD M. KIRSNER, on behalf of himself and all others similarly situated<br><br>v.<br><br>Defendant: U. S. BANK NATIONAL ASSOCIATION, | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff<br><br>Daniel J. Vedra #43596<br>VEDRA LAW LLC<br>1444 Blake Street<br>Denver, Colorado 8202<br>Telephone Number: (303) 937-6540<br>Fax Number: (303) 937-6547<br>Email: dan@vedralaw.com<br><br>pro hac vice admission to be sought<br><br>Daniel A. Edelman (IL 0712094)<br>Tara L. Goodwin (IL 6297473)<br>Carly Roman (IL 6334371)<br>**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**<br>20 South Clark Street, Suite 1500<br>Chicago, IL 60603-1824<br>Telephone number: (312) 739-4200<br>Fax number: (312) 419-0379 (FAX)<br>Email: courtecl@edcombs.com | Case Number:<br><br><br>Courtroom: |

## COMPLAINT AND JURY DEMAND

Plaintiff, Bernard M. Kirsner, on behalf of himself and a class, by and through counsel, for his complaint, allege as follows:

1

## I. INTRODUCTION

1. This is an action against U.S. Bank National Association ("US Bank") to secure redress for the unsolicited issuance of credit cards, in violation of the Truth in Lending Act and Regulation Z.

## II. PARTIES, JURISDICTION AND VENUE

2. Plaintiff Bernard M. Kirsner is a resident of Broomfield, Colorado.

3. Defendant U.S. Bank National Association ("US Bank") is a federally chartered corporation with its principal offices at 425 Walnut Street, Cincinnati, OH 45202 and US Bancorp Center, 800 Nicollet Ave., Minneapolis, MN 55402. In 2021, it had $559 billion in total assets. It operates more than 2,000 full-service bank branches nationwide, through which it offers deposit and credit products, including credit cards. More than 50 branches are located in Colorado, including in Denver County.

## III. FACTS

4. To increase sales of certain financial products, US Bank imposed sales goals on bank employees as a factor in evaluating employee performance and implemented an incentive-compensation program that financially rewarded employees for selling financial products.

5. The sales goals have included a point-based system, with different point values assigned to different products.

6. US Bank assigned the point values primarily based on the revenue that each product generated for the bank.

7. US Bank pressured employees to sell more products because doing so was in the

2

interest of the Bank.

8. In response to sales pressure or to obtain incentive rewards, US Bank employees issued credit cards without the knowledge and consent of the purported customers.

9. In about July 2022, Plaintiff received a credit card in the mail from US Bank. (Exhibit A)

10. The credit card is in the name of Plaintiff and Bernard M. Kirsner, Ltd., an Illinois corporation dissolved in 2020. Mr. Kirsner, a retired attorney, had conducted his law practice through the dissolved corporation prior to retirement.

11. The card was not a replacement for any other credit card.

12. Plaintiff had not requested or applied for the credit card.

13. Plaintiff would not have applied for credit in the name of a defunct professional corporation.

14. Sending unsolicited credit cards through the mail exposes the putative cardholder to fraud, if someone intercepts and activates the card.

## IV. CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of a class, pursuant to Rules 23(a) and (b)(3) of the Colorado Rules of Civil Procedure.

16. The class consists of all persons in the United States who were issued credit cards by Defendant US Bank, without their applying for the card, and other than as a replacement for an existing credit card, during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

17. Plaintiff may alter the class definition to conform to developments in the case and

discovery.

18. On information and belief, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable. On July 28, 2022, the Consumer Financial Protection Bureau entered into a consent order with Defendant regarding the issuance of unsolicited credit cards and other accounts.

19. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant engages in a practice of issuing unsolicited credit cards;

    b. Whether such practice violates TILA.

20. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

21. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and TILA litigation.

22. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## VIOLATIONS OF TILA

23. Under TILA, "no credit card shall be issued except in response to a request or application therefor." 15 U.S.C. § 1642.

24. This prohibition applies to both consumer purpose and business credit cards.

25. Regulation Z requires that no credit card shall be issued to any person except in response to an oral or written request or application for the card; or as a renewal of, or substitute for, an accepted credit card. 12 C.F.R. § 1026.12(a).

26. By issuing credit cards without the customer's knowledge and consent and not in response to an oral or written request or application for the card or as a renewal of, or substitute for, an accepted credit card, Respondent violated TILA and Regulation Z, 15 U.S.C. § 1642; 12 C.F.R. § 1026.12(a).

## JURY DEMAND

Plaintiff demands trial by jury of no fewer than six (6) members.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and the Class for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other or further relief as is proper.

Dated: Denver, Colorado
July 28, 2022

    VEDRA LAW LLC

    By: /s/ Daniel J. Vedra
    Daniel J. Vedra
    *Attorneys for Plaintiff*

Plaintiff's address: 4185 Corte Bella Dr., Broomfield, CO 80023

**EXHIBIT A**

# The card you need
to get the job done.



ICS_R_062220220129_00010826U588_8262.RS012854
BERNARD KIRSNER LTD.
BERNARD M KIRSNER
4185 CORTE BELLA DR
BROOMFIELD CO 80023



## Your U.S. Bank Business Cash Rewards Card is here.

Visit **usbank.com/cardactivation**, use the **U.S. Bank Mobile App** or call 1-877-351-8406.

**Destroy your previous card.** This card will replace your old card.

**Update recurring bill payments.** Ensure your accounts reflect this new card information.





### Tap and go with contactless payments.

Look for the Contactless Symbol at checkout.



51033 2/22



## Access your account from anywhere.

Download the U.S. Bank Mobile App from the App Store or Google Play. Or text GETAPP to 872265.



## Make the most of your card.

**Explore all your card benefits.**
Visit **usbank.com/mybizcard**.

**Choose your payment options.**
Make your credit card payments online, with automatic payments, at any U.S. Bank branch or by phone.

**Get 24-hour cardmember service.**
Call 1-877-351-8406.

**Stay up to date.**
Provide your email address for special offers and ways to earn more rewards at **usbank.com/email**.

NOTE: Some features may only be available and implemented by the Authorized Officer.

The Contactless Indicator mark and the Contactless Symbol are trademarks owned by and used with permission of EMVCo, LLC.

The creditor and issuer of this card is U.S. Bank National Association, pursuant to a license from MasterCard International Incorporated. MasterCard is a registered trademark of MasterCard Internation Incormporated.
©2022 U.S. Bank.